UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| R. KEITH MAIDMAN, | ) |
| Plaintiff, | ) 3:07-cv-0094-ECR-VPC |
| vs. | ) **ORDER** |
| R. HARTMAN, *et al.*, | ) |
| Defendants. | ) |

  R Keith Maidman a Nevada prisoner, submitted a *pro se* civil rights complaint on February 27, 2007 (docket #1), claiming that his civil rights were violated at the Northern Nevada Correctional Center (NNCC), in Carson City, in 2006 and 2007, in connection with disciplinary proceedings brought against him. Plaintiff claims that the disciplinary proceedings infringed upon his First Amendment rights by preventing his participation in certain religious activities and ceremonies, that his Fourteenth Amendment right to due process of law was violated in the course of the disciplinary proceedings, and that the punishment imposed violated his Eighth Amendment right to be free of cruel and unusual punishment.

  On August 21, 2007, the court granted plaintiff *in forma pauperis* status, but required him to pay an initial installment of the filing fee (docket #7). The court screened plaintiff's complaint, and ruled that two of the three claims in plaintiff's complaint – Counts 1 and 3 – did not

state claims upon which relief could be granted. The court granted plaintiff time to attempt to amend his complaint to cure the deficiencies of Counts 1 and 3.

On September 17, 2007, plaintiff filed an amended complaint (docket #10), and on October 19, 2007, plaintiff paid the initial installment of the filing fee as required (docket #11).

Plaintiff's amended complaint is organized in the same manner as his original complaint, with essentially the same claims asserted as Counts 1, 2, and 3. The court has examined plaintiff's amended complaint, and concludes that Counts 1 and 3 still fail to state viable claims. Those claims will be dismissed, and this case will proceed with respect to Count 2 of the amended complaint.

Under the PLRA, a federal court must dismiss a prisoner's claims if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). On the other hand, a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims are based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit, or claims of

1  infringement of a legal interest which clearly does not exist), or if the claims are based on fanciful or
2  delusional factual allegations. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also*
3  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

4  In Count 1, plaintiff asserts that his First Amendment rights were violated. Plaintiff
5  claims that another inmate prompted the disciplinary proceedings by complaining about activities
6  taking place at the Native American sweat lodge at NNCC. Plaintiff also claims that the disciplinary
7  proceedings hindered his access to the sweat lodge and prevented him, for a time, from attending
8  activities and ceremonies at the sweat lodge. As the court's August 21, 2007 order explained,
9  however, in order to establish a violation of the First Amendment right to free exercise of religion,
10 a prisoner must demonstrate that the defendant burdened the practice of his religion by preventing
11 him from engaging in conduct mandated by his faith, without any justification reasonably related to
12 legitimate penological interests. *Freeman v. Arpaio*, 125 F.3d 732 (9th Cir. 1997). Plaintiff has
13 made no allegations that could meet this standard. Plaintiff does not say what the disciplinary
14 charges were, and he makes no allegations to suggest that the charges did not further legitimate
15 penological interests. The simple fact is that the First Amendment does not render a prisoner
16 immune from disciplinary charges for all conduct at all related to religion. Count 1 does not state a
17 claim upon which relief could be granted.

18 In Count 3, plaintiff claims that the disciplinary sanctions imposed upon him violated
19 his right under the Eighth Amendment to be free of cruel and unusual punishment. The entirety of
20 the explanation for Count 3, in the amended complain, is that defendant R. Hartman imposed the
21 following disciplinary sanctions on plaintiff: (1) loss of statutory good time credit, affecting the
22 length of plaintiff's sentence, and (2) 180 days of punitive segregation (allegedly increased from 120
23 days without notice). The court explained in its August 21, 2007 order that plaintiff's claim in
24 Count 3 does not implicate the Eighth Amendment; plaintiff has added nothing of substance in his
25 amended complaint. Count 3 will be dismissed.

26

1       The court ruled, in its August 21, 2007 order that Count 2 states a viable due process
2  claim.  Count 2 only asserts a claim against defendant R. Hartman.   This case will therefore proceed
3  on Count 2 against defendant R. Hartman.
4       The amended complaint purports to assert claims on behalf of plaintiff, and perhaps
5  two other Native American inmates at NNCC.  Those other potential plaintiffs, however, are not
6  named in the amended complaint, and have not signed the amended complaint.  Plaintiff R. Keith
7  Maidman is not an attorney; he cannot represent other inmate plaintiffs in this action.  This action is
8  construed as an action brought only by plaintiff R. Keith Maidman.
9       Finally, the fact that the court is allowing this case to proceed on Count 2 against
10 defendant R. Hartman is not a conclusive determination that Count 2 states a claim upon which relief
11 may be granted.  After this complaint is served, and the defendant appears, the defendant may assert
12 any available defense, including any argument that Count 2 fails to state a claim upon which relief
13 may be granted.  If defendant asserts such a defense, the court will address that defense in due
14 course, with the benefit of defendant's briefing.
15      **IT IS THEREFORE ORDERED** that Counts 1 and 3 of plaintiff's amended
16 complaint are **DISMISSED WITH PREJUDICE**.  In addition, all claims against defendant
17 J. Benedetti are **DISMISSED WITH PREJUDICE**.  This action shall proceed only with respect to
18 Count 2, a claim by plaintiff R. Keith Maidman against defendant R. Hartman.
19      **IT IS FURTHER ORDERED** that the clerk shall **send a copy of this order, along
20 with a copy of plaintiff's amended complaint (docket #10), to the Office of the Attorney
21 General of the State of Nevada, attention Pamela Sharp**.  The Attorney General shall advise the
22 Court within **30 days** of the date of entry of this order whether they can accept service of process for
23 defendant R. Hartman.  If the Attorney General accepts service of process,  defendant R. Hartman
24 shall file and serve an answer or other response to the amended complaint within **45 days** of the date
25 of the notice of acceptance of service.
26

**IT IS FURTHER ORDERED** that if the Attorney General does not accept service of process for defendant R. Hartman, then plaintiff must file a motion requesting issuance of summons for the unserved defendant, and specifying the defendant's full name and address.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the time for service of process is extended to and including **November 21, 2008.**

Dated this  19th  day of  May, 2008.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE